**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **INTEGRATED NETWORK** | ) | |
| **TECHNOLOGIES, INC., a Delaware** | ) | |
| **corporation,** | ) | **Case No. 06 C 5270** |
| | ) | |
| **Plaintiff,** | ) | **The Honorable Ronald A. Guzman,** |
| | ) | **U.S. District Judge** |
| **vs.** | ) | |
| | ) | **The Honorable Maria Valdez,** |
| **RAY ALLEN, INC., an Illinois** | ) | **U.S. Magistrate Judge** |
| **corporation and RICHARD R. BLEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**INTEGRATED NETWORK TECHNOLOGIES, INC. AND TODD RINGLEMAN'S
MOTION TO STRIKE RAY ALLEN, INC. AND RICHARD R. BLEY'S
<u>COUNTERCLAIM AND MEMORANDUM IN SUPPORT</u>**

Plaintiff/Counter-Defendants, INTEGRATED NETWORK TECHNOLOGIES, INC. ("INT"), and TODD RINGLEMAN ("Ringleman"), by and through their attorneys, MCDONALD HOPKINS LLC, pursuant to Fed. R. Civ. P. Rule 12(f), move this Court to strike the counterclaim in its entirety and with prejudice, or, in the alternative, move this Court to enter an order dismissing or severing Ringleman and D'Marco Services, Inc. ("D'Marco") and in support state as follows.

<u>**Introduction**</u>

On September 28, 2006, INT filed its five-count verified complaint for copyright infringement, injunctive relief, breach of oral nonexclusive license, and breach of contract against Defendants Ray Allen, Inc. ("RAI") and Richard R. Bley ("Bley"). On November 8, 2006, Defendants filed their answer and fifteen affirmative defenses, but no counterclaims. On March 9, 2007, INT filed its motion for leave to file an amendment to the verified complaint adding two additional counts for breach of contract arising out of an oral contract for the shares

of stock in RAI and specific performance of that contract. The Court granted INT leave to file its amended verified complaint on March 14, 2007.  INT filed its Verified Amended Complaint on March 20, 2007.

On April 5, 2007, RAI and Bley filed their answer, sixteen affirmative defenses as well as an eight-count counterclaim for declaratory judgment, tortuous interference with business expectancy, breach of contract, replevin, conversion, trespass to chattels, and money had and received. RAI and Bley without leave of court, also added two new additional parties to their counterclaim: Ringleman as a  "Counterclaim Defendant" and D'Marco as a "Counterclaim Plaintiff."

### I.  The Counterclaim Should be Stricken in its Entirety and with Prejudice

RAI and Bley's counterclaim should be stricken due to RAI and Bley's failure to seek leave of court after the 20-day statutorily prescribed period expired. "Unilateral and informal amendments are not permitted and amendments filed without leave of court or the consent of all parties are a nullity." *Schmude v. Sheahan*, 2004 WL 8887376, *3, FN3 (N.D. Ill. 2004). Once a pleading is amended, a party generally may respond to the amended pleading within the statutorily prescribed time, unless the court otherwise orders. Once the statutory time expires, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." *See* Fed.R.Civ.P. 15(a) which governs the amendment of pleadings. However, when a plaintiff files an amended complaint which does not change the theory or scope of the case, the defendant is not allowed to plead anew as though it were the original complaint filed by the plaintiff. *Videojet Systems Intern., Inc. v. Inkjet, Inc.*, 1997 WL 124259, *6 (N.D.Ill.1997). Here, INT's amended complaint does not change the theory or scope of the case. Thus, RAI and Bley were prohibited under Rule 15(a) from adding a counterclaim to the pleadings without leave of

court since the original period for filing an amended answer had passed. "Where the party seeking an untimely amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to assert them in a timely fashion, the amendment will be denied." *Ocean Atlantic Woodland Corp. v. DRH Cambridge Homes, Inc.*, 2003 WL 22848968, *3 (N.D. Ill. 2003) (Guzman, J.).  In this case, there is no reason why the counterclaims were not presented earlier.

Federal Rule of Civil Procedure13(f) governs omitted counterclaims and provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may **by leave of court** set up the counterclaim by amendment." Fed.R.Civ.P. 13(f) (emphasis added). While leave to amend is to be freely given when justice so requires, it is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago,* 924 F.2d 629, 632 (7th Cir.1990) (citing, *Foman v. Davis,* 371 U.S. 178, 183 (1962)).

Courts, when considering the defendants' reason for failing to include the information in its initial pleading, have denied motions for leave to amend because of undue delay. In *Perrian,* the court affirmed the district court's denial of plaintiff's motion for leave to amend his complaint. The court held that Perrian's long delay in presenting his proposed second amended complaint was fatal to his case. Additionally, Perrian did not explain why he waited for over four months to add parties. *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992); see also *Brom v. Bozell, Jacobs, Kenyon & Eckhardt, Inc.,* 1993 WL 313049 (N.D.Ill.1993) (The court found that

defendant should have known of the existence of its res judicata defense when it filed its original answer.)

Here, any belated request for leave to file a new counterclaim would be untimely and prejudicial in light of the new discovery that would be required to litigate the eight additional claims and seek discovery relating to two additional parties. Prejudice can be found in cases where, *inter alia,* the amendment would cause undue delay in the final disposition of the case, e.g., *Bradick v. Israel,* 377 F.2d 262 (2d Cir.), *cert. denied* 389 U.S. 858, 88 S.Ct. 101, 19 L.Ed.2d 124 (1967); *Johnson v. Sales Consultants,* 61 F.R.D. 369 (N.D.Ill.1973); *Suehle v. Markem Machine Co.,* 38 F.R.D. 69 (E.D.Pa.1965), or the amendment brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint. *E.g., Collings v. Bush Mfg. Co.,* 19 F.R.D. 297 (S.D.N.Y.1956); *Data Digests, Inc. v. Standard & Poor's Corp.,* 57 F.R.D. 42 (S.D.N.Y.1972); *Johnson v. Sales Consultants, supra; Suehle v. Markem Machine Co., supra.* "Denial of a motion to amend is particularly warranted if the movant does not explain the reason for the delay and the amendment would cause further delay in the litigation and prejudice to the non-movant." *Ocean Atlantic Woodland Corp*, 2003 WL 22848968 at *2. These factors are clearly present in light of the case management schedule previously set by this Court, Defendants' failure to seek leave of the court and explain its reason for the delay, the addition of new and separate claims and parties, and the need for increased expensive and time-consuming additional discovery. Accordingly, plaintiff's motion to strike defendants' counterclaim should be granted.

## II.   In the Alternative, the Court Should Find that Todd Ringleman and D'Marco Services, Inc. Have Been Misjoined and Should be Severed

In the event the Court determines the counterclaims are timely and proper, INT submits that the Court should find that Ringleman and D'Marco have been misjoined and should be

dismissed or severed. Rule 13(h), governing counterclaims requires the parties to file a motion, allows for non-parties to the original action to be made parties to a counterclaim in accordance with the provisions of Rules 19 and 20. *See* Wright, Miller & Kane, Federal Practice and Procedure: Civil § 1446 (2d ed. 1990) (When defendant wishes to assert a claim against the original plaintiff and a nonparty, the correct procedure is to file a combination of a counterclaim and a Rule 13(h) motion.).

"Rule 21 authorizes the court to **dismiss** any misjoined party or claim at any stage of a lawsuit." *Barner v. City of Harvey*, 2003 WL 1720027, *2 (N.D. Ill. 2003) (Guzman, J.) (emphasis added).  Because Rule 21 does not include standards for proper joinder, courts use the permissive joinder standards contained in Rule 20(a). *Bailey v. N. Trust Co.,* 196 F.R.D. 513, 515 (N.D.Ill.2000). "Misjoinder occurs when parties fail to satisfy either of the two requirements set forth in Rule 20(a). First, there must be a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences. Second, there must be a question of law or fact common to all the plaintiffs." *Barner*, 2003 WL 1720027 at *2 (internal citations omitted).

"In addition to the threshold, two-prong, test of Rule 20(a), a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. In summary, Rule 20(a) was designed to allow a plaintiff to join only those parties against whom the plaintiff has a legitimate claim." *Ula-Lisa v. Waukesha County*,   2006 WL 2252909 (E.D.Wis. 2006). "Courts have refused to permit joinder that would result in substantial delay, unduly prejudice the present defendants, introduce complicated issues into an already complex case, or join defendants on claims which could not withstand motions to dismiss or for summary judgment." *Ocean Atlantic Woodland Corp*, 2003 WL 22848968 at *4.

Here, the only claim against Ringleman is found in Count VII for "money had and received." Count VII is comprised of four paragraphs, 52 through 55. Paragraph 52 repeats and reallges paragraphs 1 through 51 of the counterclaim. (Counterclaim, ¶52). Paragraph 53 alleges that Ringleman was an employee and shareholder of RAI. (Counterclaim, ¶53). It also alleges that RAI advanced approximately $73,000 to Ringleman. *Id*.   Paragraph 54 alleges that Ringleman never paid any of the $73,000 back to RAI. (Counterclaim, ¶54). Paragraph 55 summarily concludes that the entire sum of $73,000 belongs to RAI and should be paid back. (Counterclaim, ¶55). First, these allegations fail to state a claim against Ringleman. Second, these allegations do not relate to the underlying complaint for copyright infringement and injunctive relief. Therefore, Ringleman has been misjoined and should be dismissed.  Moreover, as with the counterclaims, there is no reason whatsoever why RAI failed to assert these claims when it first answered the original complaint.

As for D'Marco, none of the eight counts of the counterclaim contain a single allegation pertaining to D'Marco. In fact the only allegations referencing D'Marco at all are paragraph 2, 6, and 7, relating to parties, jurisdiction and venue. It is unlikely that either Ringleman or D'Marco would withstand a motion to dismiss. Joinder of Ringleman and D'Marco would necessitate new discovery which would result in substantial delay. Therefore, the Court should find that Ringleman and D'Marco have been misjoined and dismiss them from the underlying complaint.

WHEREFORE, Counter-Defendants, INTEGRATED NETWORK TECHNOLOGIES, INC. and TODD RINGLEMAN, pray that this Court enter an order striking the Counterclaim in its entirety and with prejudice or, in the alternative, enter an order dismissing Ringleman and D'Marco Services, Inc. and for such other and further relief as the Court deems just and proper.

**INTEGRATED NETWORK TECHNOLOGIES, INC., and TODD RINGLEMAN**


By: /s/Richard N. Kessler
　　One of its attorneys


**ATTORNEYS FOR PLAINTFFS**
MCDONALD HOPKINS LLC
RICHARD N. KESSLER, (ARDC No. 6183140)
JENNY JAMIOLKOWSKI, (ARDC No. 6289824)
640 N. LaSalle Street, Suite 590
Chicago, Illinois 60610
312/280-0111

## CERTIFICATE OF SERVICE

I, Richard N. Kessler, an attorney, hereby certify that on the April 24, 2007, I electronically filed **Plaintiffs Integrated Network Technologies, Inc.'s and Todd Ringleman's Motion to Strike Ray Allen, Inc. and Richard R. Bley's Counterclaim and Memorandum in Support** with the Clerk of the Court using the Electronic Case Filing system which will send notification o f such filing to:

> Robert G. Lancaster
> David Roodman
> Bryan Cave LLP
> 211 North Broadway, Suite 3600
> St. Louis, MO. 63102-2750
>     and
> Mark Andrews, Esq.
> Walter Jones, Esq.
> Pugh, Jones, Johnson & Quandt, P.C.
> 180 N. LaSalle Street –Suite 3400
> Chicago, IL 60601-2807


                                        /s/  Richard N. Kessler