IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTEGRATED NETWORK ) <br> TECHNOLOGIES, INC., ) <br>  a Delaware corporation, ) <br> ) <br> Plaintiff-Counterclaim Defendant, ) <br> ) <br> vs. ) <br> ) <br> RAY ALLEN, INC., ) <br> an Illinois corporation and ) <br> RICHARD R. BLEY, ) <br> ) <br> Defendants-Counterclaim Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> TODD RINGLEMAN, ) <br> ) <br> Third-Party Defendant. ) | Case No. 06 C 5270 <br><br> The Honorable Ronald A. Guzman, <br> U.S. District Judge <br><br> The Honorable Maria Valdez, <br> U.S. Magistrate Judge |

**DEFENDANTS RAY ALLEN, INC. AND RICHARD R. BLEY'S
MOTION TO QUASH SUBPOENA AND FOR
<u>PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT</u>**

COME NOW Defendants Ray Allen, Inc ("RAI"), and Richard R Bley, (collectively, "Ray Allen"), by and through their counsel, pursuant to Fed.R.Civ.P. 26(c) and 45(c)(3) and Local Rule 37.2, respectfully request that the Court enter an order quashing the subpoenas for deposition served by Integrated Network Technologies, Inc. ("INT") on non-parties Brunswick Corp. and United Airlines, Inc., whose only connection with this case is that they are customers of RAI.  INT has already served subpoenas for documents upon these non-party customers, and the testimonial depositions are sought purely to harass Ray Allen's customers and to damage Ray Allen's relations with them.  Because there is no legitimate discovery purpose in these depositions, INT should be precluded from improperly using them as leverage against its opponent in this litigation.

Under the Federal Rules of Civil Procedure, this Court may enter a protective order upon a showing of good cause. Fed.R.Civ.P. 26(c). Rule 26(c) specifically states that such a protective order may be entered which justice requires to spare a person from whom discovery is sought from "annoyance, embarrassment, oppression or undue burden or expense." To accomplish this, the Court may order that the discovery not be had. Fed.R.Civ.P. 26(c)(1). Moreover, Rule 45(c)(3) states that a court, upon timely motion, shall modify or quash a subpoena if it subjects the recipient to undue burden. These are precisely the circumstances before this Court.

**I.      INT's Subpoenas Seek to Harass RAI's Customers, not Legitimate Discovery**

In this case, plaintiff INT has only taken two depositions – most recently deposing an officer of one of RAI's customers, AT&T in San Antonio, Texas. Although INT had previously noticed depositions of nine employees and former employees of RAI, all but one have been cancelled. Instead of deposing legitimate fact witnesses with potential knowledge relating to INT's claims of copyright infringement and ownership in RAI, INT has embarked upon an improper course of harassing of RAI's customers in the hopes of driving RAI and Bley to capitulation in this lawsuit. To this end, INT has announced its intention to depose at least seven representatives of RAI customers, including three more officers, employees and former employees of ATT and two representatives of Tribune Company. None of these purported witnesses has any knowledge relevant to the issues in this case. INT issuance of notices and subpoenas for depositions to Brunswick Corp. and United Airlines, Inc. for depositions on June 5 and 6, 2007, respectively is just another step in its plan to exact a toll on RAI by disrupting its customers. (See Exhibits A and B.) Because these deposition notices seek to depose the "Person(s) with the most knowledge regarding the relationship with RAI as a customer of RAI, the features of the Asset Tracking and

Maintenance Tracking System ("RACSystem") and the significance of the RACSystem to [Brunswick's or United's] day-to-day operations, which are either unrelated to the issues in this case or are not in dispute, these depositions are not calculated to lead to the discovery of admissible evidence. Accordingly, these demanded depositions are both unnecessary and impose an undue burden on non-party witnesses. INT's subpoenas should be quashed.

II. **Ray Allen Made a Good Faith Attempt Under Local Rule 37.2 to Resolve Its Differences with INT**

In accordance with Local Rule 37.2, Ray Allen's counsel made a good faith attempt to resolve its differences regarding the subpoenas with INT's counsel through consultation by telephone, but was unable to reach an accord. Specifically, on May 23, 2007 Ray Allen's counsel spoke with INT's counsel concerning the intended subject matter of the depositions and whether it bears any relation to the issues in this case. Ray Allen's counsel offered that a stipulation between the parties could be used to resolve INT's intended subject matter concerning "the features of the Asset Tracking and Maintenance Tracking System ("RACSystem")." The sole basis INT's counsel was able to offer for requiring the depositions of uninvolved third-party witnesses was to determine whether RAI misrepresented itself as INT to any of its customers, and whether RAI's promotion of its RACSystem was similar to INT's promotion of its own asset tracking program. However, matters such as whether RAI misrepresented itself as INT, or whether the functionality of the RACSystem is similar to other asset tracking programs are clearly not at issue in this case. INT's counsel was not able to articulate any reasonable connection between the claims and defenses in this case and the requested testimony of unrelated third-party witnesses.

Further, INT's counsel abruptly refused to continue with the discussion of the subpoena, indicating his unwillingness to complete the discussion until the following Tuesday, May 29. However, if Ray Allen delayed until after such time to file its Motion to

Quash, it could not have had it heard by this Court prior to the June 5 deposition at issue. Accordingly, Ray Allen had no alternative but to bring this motion to the Court at this time.

### III.    Conclusion

For these reasons, and for the reasons set forth above, respectfully request an order quashing the subpoenas served on Brunswick Corp. and United Airlines, Inc., ordering that the depositions of Brunswick Corp. and United Airlines, Inc. shall not proceed, and awarding Defendants their fees and costs and such other and further relief as the Court deems just and proper under the circumstances.

Dated:  May 24, 2007                           Respectfully Submitted,

                                               Ray Allen, Inc. and Richard Bley


                                       By:       /s/ Robert G. Lancaster
                                               Its Undersigned Counsel

                                               Walter Jones, Esq. (ARDC No. 1365665)
                                               Mark Andrews, Esq. (ARDC No. 6242430)
                                               PUGH, JONES, JOHNSON & QUANDT, P.C.
                                               180 North LaSalle Street, Suite 3400
                                               Chicago, Illinois 60601-2807
                                               (312) 768-7800 (Telephone)
                                               (312) 768-7801 (Facsimile)

                                               David Roodman, Esq.
                                               Robert Lancaster, Esq.
                                               Ameer Gado, Esq.
                                               BRYAN CAVE LLP
                                               One Metropolitan Square
                                               211 North Broadway, Suite 3600
                                               St. Louis, Missouri  63102-2750
                                               (314) 259-2000 (Telephone)
                                               (314) 259-2020 (Facsimile)

                                               *Attorneys for Defendants-Counterclaim Plaintiffs Ray Allen, Inc. and Richard Bley*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was on this 24th day of May, 2007, filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

>Richard N. Kessler, Esq. (rkessler@mcdonaldhopkins.com)
>Jenny Jamiolkowski (jjamiolkowski@mcdonaldhopkins.com)
>MCDONALD HOPKINS LLC
>640 N. LaSalle Street, Suite 590
>Chicago, Illinois  60610-3731
>(312) 280-0111 (Telephone)
>(312) 280-8232 (Facsimile)
>
>Douglas B. Schnee, Esq.
>MCDONALD HOPKINS LLC
>600 Superior Avenue, E.
>Suite 2100
>Cleveland, OH 44114-2653
>216.348.5720 (Telephone)

By:      /s/ Robert G. Lancaster
*One of the Attorneys for Defendants-Counterclaim Plaintiffs Ray Allen, Inc. and Richard Bley*